**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS C. SHELTON and
MARA G. SHELTON,

    Plaintiffs,

v.                                                                    Case No.  8:12-cv-2064-T-30AEP

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Amended Motion for Attorney's Fees (Dkt. 48) and Defendant's Response in opposition (Dkt. 63).  The Court, having reviewed the motion, response, bill of costs, the affidavits of Michael Terrana and Janet L. Brown, and the attachments to the parties' filings, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This is an action for damages arising out of an insurance policy Defendant Liberty Mutual Fire Insurance Company issued to Plaintiffs Thomas and Mara Shelton.  Mr. and Mrs. Shelton contend that their property suffered damages consistent with sinkhole activity, a covered cause of loss.

On November 21, 2013, the Court granted Plaintiffs' motion for summary judgment (Dkt. 38) and on November 22, 2013, the Clerk entered a final judgment in Plaintiffs' favor in the amount of $113,025.24 (Dkt. 39).

This case is at issue upon Plaintiffs' motion for costs, attorney's fees, and prejudgment interest.

## DISCUSSION

### I. Costs

Plaintiffs seek costs in the amount of $2,205.51. Defendant does not object to this amount. Upon review of Plaintiffs' Bill of Costs (Dkt. 46) and Affidavit of Costs (Dkt. 47), the Court concludes that Plaintiffs' costs are recoverable under 28 U.S.C. §1920. Accordingly, the Court will award Plaintiffs costs in the amount of **$2,205.51**.

### II. Attorney's Fees

The parties agree that Plaintiffs are entitled to attorney's fees under Fla. Stat. §627.428, which mandates that an insurer pay reasonable attorney's fees to the insured upon rendition of a judgment or decree by a court in favor of the insured. Under fee shifting statutes like section 627.428, Florida courts have adopted the federal "lodestar" approach for calculating the appropriate amount of attorney's fees owed to the prevailing party. *See Fla. Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145, 1146 (Fla. 1985). The Court calculates the "lodestar," a product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *See id.* at 1150.

In *Rowe,* the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case. The factors are:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Id.* at 1150.

In some cases, a court may then choose to enhance the lodestar amount by a contingency risk multiplier. The court multiplies the lodestar by an amount that reflects the nature of the risk the attorney undertook in accepting the case. *See id.* at 1151. Enhancing attorney's fees by a multiplier is not mandatory in contingency-fee-cases. *See Standard Guar. Ins. Co. v. Quanstrom,* 555 So. 2d 828, 834 (Fla. 1990). The party requesting the multiplier has the burden of proving that it is appropriate. The Florida Supreme Court has ruled that a trial court should consider three factors when determining whether a multiplier

is necessary and justified: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Id.* at 834. If a multiplier is justified, the amount of the multiplier is determined as follows:

> [I]f the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.*

### A. Amount of Attorney's Fees

Plaintiffs seek attorney's fees in the amount of $33,381.25. The Court concludes that, in light of the *Rowe* factors, and the Court's own experience with these types of cases and attorney-billing in general, Plaintiffs are entitled to $25,672.50 in reasonable attorney's fees as explained below.

The Court agrees with Defendant that Plaintiffs cannot recover pre-suit hours under the facts of this case. *See Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3119380, at *8-*9 (M.D. Fla. Aug. 4, 2010) (noting that section 627.428 provides for fees associated with "prosecuting the suit in which the recovery is had"). Plaintiffs also cannot recover hours associated with a premature claim. *See Lumpuy v. Scottsdale Ins. Co.*, 2013 WL 4648500,

at *2 (M.D. Fla. Aug. 29, 2013) (eliminating hours claimed for work related to a civil remedy notice in a sinkhole case because "bad faith issues are premature"). The billing records reflect that counsel billed Plaintiffs for time associated with preparing a bad-faith claim. Accordingly, the Court reduces the hours by 6.7 for pre-suit hours and work related to premature issues. Attorney Kenneth C. Thomas, Jr. billed these hours at a rate of $425.00 per hour.

The Court agrees with Brown's affidavit to the extent that the hours expended by attorney Barbara M. Hernando were excessive with respect to the drafting of Plaintiffs' response to Defendant's motion for summary judgment. The Court reduces these hours by 9 at Hernando's rate of $250.00 per hour. The Court also reduces Hernando's hours associated with the drafting of Plaintiffs' motion for summary judgment by 6 hours.

The Court concludes that the remaining hours are reasonable. Accordingly, Matthew L. Wilson is entitled to 16.2 hours, Kenneth C. Thomas is entitled to 9.3 hours, John E. "Jed" Thomas is entitled to 0.5 hours, Alan S. Marshall is entitled to 0.2 hours, Robert L. Nipps is entitled to 5.35 hours, Lee Reeder is entitled to 9.4 hours, and Barbara M. Hernando is entitled to 44.1 hours.

    **B.    Reasonable Hourly Rates**

The Court will now discuss Plaintiffs' counsels' hourly rates. Matthew L. Wilson has been practicing for nearly 17 years, was lead counsel, and is an AV rated lawyer who has tried over 80 jury trials. The Court concludes that his hourly rate of $425.00 per hour is

reasonable. Kenneth C. Thomas has practiced for over 10 years. The Court reduces his hourly rate from $425.00 per hour to $350.00 per hour. John E. "Jed" Thomas has practiced for nearly 17 years. The Court reduces his hourly rate from $425.00 per hour to $400.00 per hour. Alan S. Marshall has practiced for over 30 years. The Court concludes that his hourly rate of $425.00 per hour is reasonable. Robert L. Nipps has practiced for over 9 years, specializing in first party property litigation, primarily arising from sinkhole loss claims, for approximately 7 years. The Court reduces his hourly rate from $425.00 per hour to $350.00 per hour. The Court concludes that Lee Reeder and Barbara M. Hernando's rates of $250.00 per hour are reasonable. Lee Reeder has practiced for over 5 years and Barbara Hernando has practiced for over 2 years.

**C.     Lodestar Figure**

As previously stated, under the lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate. In this case, the lodestar figure is calculated as follows:

| Attorney | Hourly Rate | Reasonable Hours | Lodestar Amount |
|---|---|---|---|
| Wilson | $425.00 | 16.2 | $6,885.00 |
| K. Thomas | $350.00 | 9.3 | $3,255.00 |
| J. Thomas | $400.00 | .5 | $200.00 |
| Marshall | $425.00 | .2 | $85.00 |
| Nipps | $350.00 | 5.35 | $1,872.50 |
| Reeder | $250.00 | 9.4 | $2,350.00 |
| Hernando | $250.00 | 44.1 | $11,025.00 |
| | | **TOTAL** | **$25,672.50** |

## D. Multiplier

Finally, the Court must consider whether a multiplier should be applied to the lodestar amount of $25,672.50. Plaintiffs argue that the three *Quanstrom* factors justify the application of a multiplier in this case. Plaintiffs contend that Plaintiffs' counsel was required to accept this case on a purely contingency fee basis and the type of coverage dispute involved difficult and complex issues.

The Court declines to apply a multiplier under the facts of this case. This case involved a sinkhole dispute, which is neither novel nor complex. These types of cases are unremarkable. The Court acknowledges that this case was unique to the extent that the definition of the policy term "structural damage" was not entirely clear after the statutory definition was amended in 2011. However, the loadstar method provides a reasonable attorney's fee award in this case and the Court concludes that a multiplier is not warranted.

## III. Prejudgment Interest

Plaintiffs seek prejudgment interest from the date of loss, i.e., October 5, 2011, the date when Plaintiffs discovered sinkhole damage in their home. Defendant does not dispute that Plaintiffs are entitled to prejudgment interest.[1] However, Defendant contends that the amount of interest is calculated from the date payment would have been due under the terms of the subject policy. The case law supports Defendant's position.

---

[1] Defendant also agrees that the applicable interest rate is 4.75% per year.

Page 7 of 10

Under the subject policy, the payment was not due until sixty days after Defendant received Plaintiffs' proof of loss. In this case, however, Plaintiffs did not file a proof of loss. Accordingly, the date that Defendant received adequate information from Plaintiffs on which it could make an informed decision is considered equivalent to the proof of loss. *See Ocean Harbour S. Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2007 WL 1059577, at *3 (S.D. Fla. Apr. 6, 2007). The court in *Ocean Harbour* found as follows:

> the Court finds the insured must provide the insurer adequate notice of its claim, definitively establishing the particulars of its claim, namely, the description of and the magnitude of loss. This detailed communication acts as the equivalent of delivering the proof of loss. Once Empire received this *essential* information-without which Empire could not make an informed decision on payment of the loss-Empire had thirty days[2] to make its decision. When thirty days from Empire's receipt of this information lapsed, payment was due and prejudgment interest began accruing.

*Id.*

The Court concludes that the appropriate date is January 5, 2012, the date that Plaintiffs made their claim. Accordingly, Plaintiffs are entitled to prejudgment interest on the damages amount of $113,025.24 from March 5, 2012 (60 days after notice) until November 22, 2013, the date of judgment, in the amount of **$9,222.72**.[3]

---

[2] The policy in *Ocean Harbour* called for payment "Within 30 days after we receive the sworn proof of loss . . ." in contrast to the subject policy here that provides for 60 days after receipt of a proof of loss.

[3] This amount is calculated as follows: from March 5, 2012 - March 5, 2013, the prejudgment interest amounts to $5368.70 (113,025.24 x .0475); from March 5, 2013 - November 22, 2013, the prejudgment interest amounts to $3,854.02 (daily rate of $14.71 x 262 days).

Plaintiffs also seek prejudgment interest on the award of attorney's fees and costs. Under *Quality Engineered Installation Inc. v. Higley South*, 670 So. 2d 929, 930-31 (Fla. 1996), prejudgment interest is appropriate on the Court's award of attorney's fees from the date of entitlement. However, there is no authority suggesting that Plaintiffs are entitled to prejudgment interest on costs.

Plaintiffs were entitled to fees on November 22, 2013, the date of the final judgment entered in their favor, until February 18, 2014, the date of the judgment award of fees. Accordingly, Plaintiffs are entitled to prejudgment interest in the amount of **$294.00**.[4]

**IV.   Postjudgment Interest**

Finally, Plaintiffs are entitled to postjudgment interest under the Federal statutory rate pursuant to 28 U.S.C. §1961. *See Ins. Co. of North America v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991).

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Amended Motion for Attorney's Fees (Dkt. 48) is granted in part and denied in part as explained herein.

2. The Clerk of Court shall enter a **final judgment** in Plaintiffs' favor and against Defendant in the amount of **$37,394.73** which represents costs,

---

[4] This amount is calculated as follows: (fees in the amount of $25,672.50 x .0475 / 365 x 88 days = $294.00).

attorney's fees, and prejudgment interest. This amount shall accrue postjudgment interest at the Federal statutory rate.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2064.mtfees,costs,PJinterest.wpd